UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MCGRATH, JILL MCGRATH, TIM MCGRATH, MARTIN MCGRATH, COLIN MCGRATH, and CM MCGRATH, <br><br> Plaintiffs, <br><br> v. <br><br> DUNECREST CONDOMINIUM ASSOCIATION, HOLLY CANDELLA, RUTH PALONIS, MICHAEL HERNANDEZ, and JANET MORAN, <br><br> Defendants. | CAUSE NO.: 3:20-CV-656-TLS-MGG |

**OPINION AND ORDER**

The matter is before the Court on Plaintiffs' Motion for Rule 11 Sanctions [ECF No. 66], which is fully briefed and ripe for ruling. For the reasons explained below, the request for sanctions is denied as untimely. The Court, in an exercise of discretion, awards the Individual Defendants their attorney's fees for defending against the motion.

**BACKGROUND**

On August 5, 2022, the Plaintiffs filed a Third Amended Complaint [ECF No. 50]. This amended complaint added Defendants Holly Candella, Ruth Palonis, Michael Hernandez, and Janet Moran (collectively, the "Individual Defendants") to this case.

On October 4, 2022, the Individual Defendants filed their Answer [ECF No. 59]. On November 8, 2022, the Individual Defendants filed a Motion for Judgment on the Pleadings, arguing that the Plaintiffs' claims were barred by the statute of limitations. *See* ECF No. 60. On April 7, 2023, then presiding Judge DeGuilio denied the motion. *See* Op. & Order, ECF No. 63.

1

On May 8, 2023, the Plaintiffs filed a motion for sanctions against the Individual Defendants. *See* ECF No. 66. In essence, the Plaintiffs argue that the Individual Defendants violated Rule 11(b)(4) by making unwarranted denials of factual allegations.[1]

## ANALYSIS

The Court finds that the Plaintiffs' request for sanctions is untimely. Thus, in an exercise of discretion, the Court denies the request for sanctions.

The Seventh Circuit has admonished district courts to "bear in mind that such sanctions are to be imposed sparingly," *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), and has noted that district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions," *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020) (citations omitted).

"In all cases, parties must request Rule 11 sanctions 'as soon as practicable after discovery of a Rule 11 violation.'" *Burda v. M. Ecker Co.*, 2 F.3d 769, 774 (7th Cir. 1993) (quoting *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992)). "Seldom should it be necessary to wait for the district court or the court of appeals to rule on the merits of an underlying question of law." *Kaplan*, 956 F.2d at 151 (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988)).

In this case, there was a seven-month delay between the allegedly improper conduct of answering with a lack of knowledge and the Plaintiffs' request for sanctions. The Court finds this delay was unreasonable because many of the violations were discoverable as early as when the

---

[1] Federal Rule of Civil Procedure 11(b)(4) requires that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 1(b)(4). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Individual Defendants' Answer to the Third Amended Complaint was filed on October 4, 2022. *See, e.g.*, *Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 1:05-CV-53, 2006 WL 2095234, at *3 (N.D. Ind. July 27, 2006) (finding an almost four-month delay was unreasonable); *Hamil v. Mobex Managed Servs. Co.*, 208 F.R.D. 247, 251 (N.D. Ind. 2002) (finding a two-and-a-half-month delay after the court had dismissed the case was unreasonable); *Vandeventer v. Wabash Nat. Corp.*, 893 F. Supp. 827, 843 (N.D. Ind. 1995) (finding a five-month delay was unreasonable when no valid excuse was offered for the delay).

Trying to avoid this result, the Plaintiffs argue the delay was warranted because they were waiting on the Court's ruling on the Individual Defendants' motion for judgment on the pleadings. *See* Reply at 3, ECF No. 71. The Plaintiffs believe that if the Court would have granted the motion for judgment on the pleadings, then any motion for sanctions would have been moot. However, even if the Court would have granted the motion for judgment on the pleadings, this would not have mooted any violation of Rule 11. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("In our view, nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal."); *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1196 (7th Cir. 1996) ("[M]isconduct in federal litigation may lead to sanctions even if the court lacked subject-matter jurisdiction.").. Thus, the Plaintiffs' reliance on mootness lacks merit.

Furthermore, when moving for sanctions, "seldom should it be necessary to wait for the district court or the court of appeals to rule on the merits of an underlying question of law." *Kaplan*, 956 F.2d at 151 (cleaned up); *see Stawski Distrib., Inc. v. Kociecki*, No. 12 C 50117, 2013 WL 4401675, at *3 (N.D. Ill. Aug. 14, 2013) ("While defendants may have had practical or strategic purposes for their [delay in filing a motion for sanctions], such practicalities or

3

strategies do not make their motion timely."); *Jackson v. McKay-Davis Funeral Home*, No. 07-C-1037, 2012 WL 5423739, at *3 (E.D. Wis. Nov. 6, 2012) (denying motion for sanctions as untimely when defendant waited until after resolution of plaintiff's motion to reconsider before filing motion for sanctions); *Cannella v. Anodyne Corp.*, No. 95 C 1012, 1997 WL 573398, at *6 (N.D. Ill. Sept. 11, 1997) (finding the motion for sanctions was untimely when the moving party waited for resolution of underlying legal issue). Thus, based on the facts here, the Court finds that the Plaintiffs' motion for sanctions is untimely.

As the prevailing party, the Court awards the Individual Defendants their reasonable attorney's fees for defending against this motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); Fed. R. Civ. P. 11, advisory committee's comments to 1993 amendment ("[T]he court may award to the person who prevails on a motion under Rule 11--whether the movant or the target of the motion--reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."); Fed. R. Civ. P. 11, advisory committee's comments to 2007 amendment ("These changes are intended to be stylistic only."); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074, 2014 WL 1632181, at *1 n.2 (N.D. Tex. Apr. 24, 2014) (concluding that 2007 amendment was intended to be stylistic only, and therefore attorney's fees were still available to the party successfully defending against a Rule 11 motion for sanctions); *Capitol Specialty Ins. Corp. v. Whitaker*, No. 09-CV-92-JPG, 2009 WL 2488275, at *3 (S.D. Ill. Aug. 13, 2009) (concluding that "the comments from the 1993 amendments to the rule remain applicable to interpret the rule," but declining to award sanctions to prevailing party); *Boim v. Quranic Literacy Inst.*, No. CIV. 00 C 2905, 2003 WL 1956132, at *4 (N.D. Ill.

Apr. 24, 2003) (granting attorney's fees to nonmoving party that prevailed against a Rule 11 motion for sanctions).

The Court finds that an award of attorney's fees is particularly appropriate given the untimeliness of the motion, as well as how factually exhaustive it was. The Court finds that defense counsel went to great efforts to oppose this motion. *See* Resp. at 1–21. Based on these facts, the Court finds that an award of attorney's fees for the prevailing party is appropriate. Thus, in an exercise of discretion, the Court awards the Individual Defendants their reasonable attorney's fees for prevailing against the Rule 11 motion for sanctions.

## CONCLUSION

The Court hereby VACATES the referral [ECF No. 69] to Magistrate Judge Michael G. Gotsch of the Defendants' Motion for Sanctions [ECF No. 66]. For the reasons set forth above, the Court hereby DENIES the Plaintiffs' Motion for Rule 11 Sanctions [ECF No. 66]. As the prevailing party, the Court DIRECTS the Individual Defendants to file a motion for attorney's fees by April 1, 2024. Any supporting memorandum shall not exceed eight pages. Any response brief, which shall not exceed eight pages, to be filed by April 8, 2024. Any reply, not to exceed three pages, to be filed by April 12, 2024.

SO ORDERED on March 22, 2024.

                                                 s/ Theresa L. Springmann
                                                 JUDGE THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT