UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MCGRATH, JILL MCGRATH, TIM MCGRATH, MARTIN MCGRATH, COLIN MCGRATH, and CM MCGRATH, <br><br> Plaintiffs, <br><br> v. <br><br> DUNECREST CONDOMINIUM ASSOCIATION, HOLLY CANDELLA, RUTH PALONIS, MICHAEL HERNANDEZ, and JANET MORAN, <br><br> Defendants. | CAUSE NO.: 3:20-CV-656-TLS-MGG |

**OPINION AND ORDER**

The matter is before the Court on the Individual Defendants' Verified Motion for Attorney Fees [ECF No. 83], filed on April 1, 2024. For the reasons explained below, the Court grants the Individual Defendants' request for an attorney's fees but for an amount different than requested.

**BACKGROUND**

On August 5, 2022, the Plaintiffs filed a Third Amended Complaint [ECF No. 50]. This amended complaint added Defendants Holly Candella, Ruth Palonis, Michael Hernandez, and Janet Moran (collectively, the "Individual Defendants") to this case.

On October 4, 2022, the Individual Defendants filed their Answer [ECF No. 59]. On May 8, 2023, the Plaintiffs filed a motion for sanctions against the Individual Defendants. *See* ECF

1

No. 66. In essence, the Plaintiffs argued that the Individual Defendants violated Rule 11(b)(4) by making unwarranted denials of factual allegations.[1]

On March 22, 2024, the Court denied the motion for sanctions. ECF No. 82. The Court instructed the Individual Defendants to file a motion for attorney's fees as the prevailing party. *Id.* Correspondingly, the Court also included a scheduling order for briefing the issue, which is now complete.

On April 1, 2024, Nick Otis, the attorney for the Individual Defendants, filed a Verified Motion for Attorney's Fees [ECF No. 83]. Within the motion, Otis affirms under penalty of perjury that his standard hourly rate is $250.00 and that he spent 9.4 hours defending against the Plaintiffs' motion for sanctions. ECF No. 83, ¶¶ 1–2. In response, the Plaintiffs object because Otis did not include any supporting billing records. ECF No. 84 at 2. Likewise, the Plaintiffs object because Otis did not include any information regarding his experience or the difficulty of the legal work he performed. *Id.*

In reply, Otis includes a redacted billing sheet showing the time he worked preparing a response to the motion for sanctions. ECF No. 85-1.[2] Otis is a partner at Newby Lewis Kaminski & Jones, LLP and has fifteen years' experience as an attorney. ECF No. 85, ¶ 2. He regularly represents civil defendants in federal court at an hourly rate of $250 to $300 an hour. *Id.* ¶ 4. Otis emphasizes that the motion for sanctions was 27 pages long and included 18 exhibits. *Id.* ¶ 6. He

---

[1] Federal Rule of Civil Procedure 11(b)(4) requires that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 1(b)(4). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

[2] The Plaintiffs do not seek leave to file a sur-reply or otherwise attempt to strike the newly filed documents. Although it was poor form to include the billing entry sheet as an exhibit to their reply brief, the Court exercises its discretion to overlook waiver. *See Landale Signs & Neon, Ltd. v. Runnion Equip. Co.*, 274 F. Supp. 3d 787, 791 (N.D. Ill. 2017) ("Federal courts may consider arguments raised on reply at their discretion.") (citing *United States v. Wilson*, 962 F.2d 621, 627 (7th Cir. 1992)).

2

notes that he filed a twenty-two-page response brief. *Id.* ¶ 8. Otis requests compensation for 9.4 hours of time at an hourly rate of $250. *Id.* ¶ 9. However, one hour of this time was for "[m]eeting with clients re status of case." ECF No. 85-1 at 1.

## ANALYSIS

"Rule 11 allows the court, in its discretion, to award to the prevailing party the reasonable attorney's fees and expenses incurred in presenting or opposing the Rule 11 motion." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 320 (7th Cir. 2003) (citing Fed. R. Civ. P. 11(c)(1)(A) (eff. Dec. 1, 1993)).[3] "[T]he starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Id.* at 317–18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine reasonable hours, courts assess the attorney's time entries to exclude any hours deemed "excessive, redundant or otherwise unnecessary." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (internal quotations and citations omitted). If the prevailing party fails to exercise the proper billing judgment, a court should exclude from the fee calculation "hours that were not reasonably expended." *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (cleaned up). To determine the reasonableness of the hours expended, courts consider several factors, including the time and labor required, the novelty and difficulty

---

[3] Although the language of Federal Rule of Civil Procedure 11(c) has been updated, these changes are stylistic only. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); Fed. R. Civ. P. 11, advisory committee's comments to 1993 amendment ("[T]he court may award to the person who prevails on a motion under Rule 11--whether the movant or the target of the motion--reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."); Fed. R. Civ. P. 11, advisory committee's comments to 2007 amendment ("These changes are intended to be stylistic only."); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074, 2014 WL 1632181, at *1 n.2 (N.D. Tex. Apr. 24, 2014) (concluding that the 2007 amendment was intended to be stylistic only, and therefore attorney's fees were still available to the party successfully defending against a Rule 11 motion for sanctions); *Capitol Specialty Ins. Corp. v. Whitaker*, No. 09-CV-92-JPG, 2009 WL 2488275, at *3 (S.D. Ill. Aug. 13, 2009) (concluding that "the comments from the 1993 amendments to the rule remain applicable to interpret the rule," but declining to award sanctions to prevailing party).

of the issue, the legal skill required, the reputation of the attorneys, the time burdens imposed by the client or the circumstances, and awards in similar cases. *Id.* (citing *Hensley*, 461 U.S. at 433).

To determine a reasonable hourly rate, courts consider what the attorney charges and receives in the market from paying clients for the same type of work. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for [the] type of work in question." *Owens*, 365 F. Supp. 2d at 947 (cleaned up).

As an initial matter, the Court excludes a one-hour billing entry for "[m]eeting with clients re status of case." It is unclear whether this meeting was used to defend against the Plaintiffs' motion for sanctions. Even if it was, the Court finds that a one-hour meeting on this subject would be excessive. More likely than not, this one-hour meeting was for the case as a whole rather than to prepare a response to the motion for sanctions. As such, this hour is excluded from compensation. The Court has carefully reviewed the remaining billing entries and finds the time to be reasonable. Namely, the Court finds that 8.4 hours were reasonably extended because the Plaintiffs' motion for sanctions was factually exhaustive and required reviewing pages of deposition testimony. Likewise, Otis exercised great skill in developing and researching a successful argument based upon untimeliness. Thus, the Court finds that 8.4 hours is reasonable.

The Court also finds that the requested hourly rate of $250 is reasonable. Otis is a partner at Newby Lewis Kaminski & Jones, LLP and he has significant litigation experience. Otis regularly charges an hourly rate of $250 for similar matters. The Court finds that the requested hourly rate is entirely reasonable. *See Trs. of Loc. Union 531 IBEW & NECA Money Purchase Pension Plan v. Nucore Elec. Inc.*, No. 3:22-CV-444, 2023 WL 2344453, at *4 (N.D. Ind. Mar.

3, 2023) (concluding $250 an hour was reasonable under the lodestar method); *N. Am. Van Lines, Inc. v. N. Am. Moving & Storage, Inc.*, No. 1:18-CV-196, 2020 WL 1130339, at *2 (N.D. Ind. Mar. 6, 2020) (same); *Munster Steel Co. v. Crane 1 Servs., Inc.*, No. 2:16-CV-345, 2019 WL 13218321, at *2 (N.D. Ind. Nov. 14, 2019) (same). The Court therefore grants attorney's fees in the amount of $2,100.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Verified Motion for Attorney's Fees [ECF No. 83] but for an amount different than requested. The Court awards $2,100 in attorney's fees. The Court DIRECTS the Plaintiffs to remit a check or money order made payable to the firm of Newby Lewis Kaminski & Jones LLP within thirty days. The Court also DIRECTS Attorney Nicholas Otis to inform his client of the award.

SO ORDERED on April 17, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT